IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Fernadus Allen, ) | |
| ) | C.A. No. 9:18-2542-HMH-BM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| ) | |
| Marty Lutz, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Fernadus Allen ("Allen"), a state prisoner proceeding pro se, alleges a violation of 42 U.S.C. § 1983 against Defendant Marty Lutz ("Dr. Lutz"), the facility doctor at Greenville County Detention Center ("GCDC"). Allen alleges that he was deprived of his medical rights and that his physical health was endangered when he was prescribed Bactrim, to which he is allergic, while detained at GCDC. In his Report and Recommendation filed on October 24, 2018, Magistrate Judge Marchant recommends dismissing the complaint without prejudice and without service of process. (R&R, ECF No. 10.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

On November 20, 2018, after receiving no timely objections from Allen, the court adopted the Report and Recommendation and dismissed Allen's complaint without prejudice and without issuance and service of process. (Nov. 20, 2018, Order, ECF No. 15.) However, after the order was entered, the court received two documents from Allen. On November 29, 2018, the court received Allen's amended complaint. (Am. Compl., ECF No. 18.) On December 17, 2018, Allen filed his objections.[2] (Objs., ECF No. 19.)

Allen's amended complaint was dated October 30, 2018. (Am. Compl., ECF No. 18.) However, the amended complaint was postmarked November 26, 2018, and did not contain a date stamp from the GCDC mail room. (Id. Attach. 3 (Envelope), ECF No. 18-3.) Accompanying Allen's amended complaint is a note that states, "1/M released to [South Carolina Department of Corrections] 11/7/2018. Left in our mailroom in Greenville County Detention." (Id. Attach. 2 (Note), ECF No. 18-2.) It appears that Allen attempted to file his amended complaint within the time period for filing objections and before he was transferred from GCDC, but the document was delayed in the GCDC mail room. Considering the mailing issues and Allen's transfer from GCDC to Kirkland Correctional Institution in Columbia, South Carolina, the court will excuse the untimeliness of Allen's objections and consider the amended complaint and his objections to the Report and Recommendation. Therefore, the previous court order issued on November 20, 2018, is hereby vacated, and the court now considers Allen's objections.

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate

---

[2] Houston v. Lack, 487 U.S. 266, 276 (1988).

review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Upon review, the court finds that many of Allen's objections are non-specific, unrelated to the dispositive portions of the Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Allen objects to the magistrate judge's conclusion that his complaint is factually deficient to state a claim. (Objs., generally, ECF No. 19.)

Allen was a pretrial detainee when the alleged harm occurred. (Am. Compl. 4, ECF No. 18.) Thus, his claim is evaluated under the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 (1979) (holding that a pretrial detainee's challenge to prison conditions is properly analyzed under the Due Process Clause of the Fourteenth Amendment); Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988) (noting that a pretrial detainee's claim for denial of medical care following his arrest was properly analyzed under the Due Process Clause of the Fourteenth Amendment and holding that "[t]he due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner[.]"). "[D]eliberate indifference to the serious medical needs of a pretrial detainee violates the due process clause." Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001). "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Id. at 576. "[A] showing of mere

3

negligence" does not satisfy the standard for deliberate indifference. Id. at 575 (quoting Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999)).

Allen attempts to cure the factual deficiencies in his complaint and now alleges in his amended complaint that Dr. Lutz prescribed him Bactrim, which he then took and had an allergic reaction. (Am. Compl. 4, 6, ECF No. 18.) However, Allen cannot satisfy the test for deliberate indifference. Although Allen states that he has a "known" allergy to Bactrim, he has not alleged that Dr. Lutz knew about Allen's allergy or later allergic reaction or that he informed Dr. Lutz of that allergy. The only time that Allen mentions Dr. Lutz in any of his filings is in one sentence in the amended complaint, which says, "Doctor M. Lutz perscribed [sic] me Bactrim, which I have a known allergy." (Am. Compl. 4, ECF No. 18.) Allen states that he was given Bactrim by the "medical staff" at GCDC, that he "had to eventually refuse the meds cause [they] began to make [him] dizzy," and that he "made [his] symptoms known to the medical staff, and that's when [he] was told that [he] was allergic to the Bactrim." (Id. 6, ECF No. 18.) Although Allen states that he has "a known allergy" to Bactrim, Allen alleges in his amended complaint that he was unaware of the allergy until he informed medical staff of his symptoms and was told that he was allergic to Bactrim. (Am. Compl. 6-7, ECF No. 18.) Thus, Allen has not alleged that Dr. Lutz actually knew of his allergy to Bactrim. Accordingly, Allen has not stated a claim for deliberate indifference under the Fourteenth Amendment and his objections fail.

Additionally, although not specifically addressed in the Report and Recommendation, there has been no evidence presented to demonstrate that Allen has exhausted his administrative remedies at GCDC before filing the instant action. See Prison Litigation

Reform Act, 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). In fact, Allen concedes that he did not file a grievance at GCDC because he did not think he was required to do so for grievances involving medical issues. (Am. Compl. 10-11, ECF No. 18.) However, Allen was required to exhaust any available administrative remedies at GCDC in order to maintain the instant suit. See Rutland v. Dewitt, C.A. No. 8:09-13-SB, 2010 WL 288217, at *5 (D.S.C. Jan. 25, 2010) (unpublished) ("The exhaustion of administrative remedies is also required of pretrial detainees[.]"); Tate v. Anderson, C.A. No. 8:05-3085-HMH-BHH, 2007 WL 28982, at *4 (D.S.C. Jan. 3, 2007) (unpublished) ("[T]he PLRA's strict exhaustion requirement does indeed apply in actions brought by pretrial detainees[.]"). See also Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.").

Allen's ignorance of the grievance process or the exhaustion requirement does not excuse his failure to exhaust administrative remedies. Adams v. Sw. Va. Reg'l Jail, C.A. No. 7:12cv00462, 2014 WL 3828392, at *3 (W.D. Va. Aug. 4, 2014) (unpublished) ("[A]ny contention that plaintiff's failure-to-exhaust should be excused merely on the basis of his ignorance about the process fails."), aff'd sub nom. Adams v. Ofought, No. 14-7234, 592 Fed. App'x 225 (4th Cir. Feb. 9, 2015) (unpublished). Further, there is no evidence that Allen was prevented from utilizing the GCDC grievance procedures in order to excuse his failure to exhaust administrative remedies. See Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).

5

Based on the foregoing, the court finds that Allen's objections are without merit. Therefore, after thorough review of the Report and the record in this cause, the court adopts Magistrate Judge Marchant's Report to the extent it is consistent with this order and incorporates it herein.

It is therefore

**ORDERED** that the previous order adopting the Report and Recommendation, dated November 20, 2018, docket number 15, is vacated. It is further

**ORDERED** that Allen's amended complaint, docket number 18, is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
January 7, 2019

**NOTICE OF RIGHT TO APPEAL**

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.